**BAKER & HOSTETLER LLP**
Bethany G. Lukitsch (SBN 314376)
Kamran B. Ahmadian (SBN 314566)
1900 Avenue of the Stars | Suite 2700
Los Angeles, CA 90067-4508
Telephone: 310.820.8800
Facsimile: 310.820.8859
*blukitsch@bakerlaw.com*
*kahmadian@bakerlaw.com*

*Attorneys for Defendant*
TALKSPACE, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

COURTNEY MITCHENER, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

TALKSPACE NETWORK LLC, a New York Limited Liability Company; and DOES 1 through 25, inclusive,

Defendant.

Case No.: 2:24-cv-07067-JAK-BFM

*[Hon. John A. Kronstadt]*

**REPLY IN SUPPORT OF DEFENDANT TALKSPACE, INC.'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA TRAP AND TRACE LAW (CAL. PENAL CODE § 638.51)**

| | |
|---|---|
| Case Filed: | August 20, 2024 |
| Hearing Date: | March 10, 2025 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1
II. PLAINTIFF LACKS ARTICLE III STANDING .......... 2
III. PLAINTIFF'S ALLEGATIONS FAIL TO SATISFY RULE 8 .......... 4
IV. THE TIKTOK COOKIE IS NOT A "TRAP AND TRACE" DEVICE .......... 5
V. PLAINTIFF FAILS TO ALLEGE THE REQUIRED SCIENTER .......... 8
VI. PLAINTIFF'S IRRELEVANT ALLEGATIONS MUST BE STRICKEN .......... 9
VII. CONCLUSION .......... 10

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 5

*Casillas v. Transitions Optical, Inc. I*
(Super. Ct. L.A. Cty., April 23, 2024 Minute Order, No. 23STCV30742) .......... 7

*Casillas v. Transitions Optical, Inc. II*
(Super. Ct. L.A. Cty., September 9, 2024 Minute Order, No. 23STCV30742) .......... 7

*Casillas v. Traveler's Choice*
(Super. Ct. L.A. Cty., May 29, 2024 Minute Order, No. 24STCV01337) .......... 7

*Goodman v. Lozano*,
47 Cal. 4th 1327 (2010) .......... 8

*Greenley v. Kochava, Inc.*,
684 F. Supp. 3d 1024 (S.D. Cal. 2023) .......... 7

*Hughes v. Vivint, Inc.*,
2024 WL 5179916 (C.D. Cal. July 12, 2024) .......... 3, 4

*In re Jennings*,
34 Cal. 4th 254 (2004) .......... 8

*Levings v. Open Text Corporation*
(Super. Ct. L.A. Cty., September 3, 2024 Minute Order, No. 24STCV05440) .......... 7

*Licea v. Hickory Farms LLC*
(Super. Ct. L.A. Cty., March 13, 2024 Minute Order, No. 23STCV26148) .......... 7

*McCarther v. Pac. Telesis Grp.*,
48 Cal. 4th 104 (2010) .......... 8

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
2013 WL 12114762 (C.D. Cal. Oct. 8, 2013) (Morrow, J.) .......... 4



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Monster Energy Co. v. Vital Pharms., Inc.*,
2019 WL 2619666 (C.D. Cal. May 20, 2019) (Bernal, J.) ................................ 10

*Moody v. C2 Educ. Sys. Inc.*,
2024 WL 3561367 (C.D. Cal. July 25, 2024 ............................................ 6, 7

*Fischman ex rel. Sempra Energy v. Reed*,
2017 WL 1166349 (S.D. Cal. Mar. 29, 2017) .................................................. 9

*Shah v. Fandom, Inc.*,
2024 WL 4539577 (N.D. Cal. Oct. 21, 2024) .................................................. 6

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) ........................................................................ 4

*TikTok Inc. v. Garland*,
No. 24-656, 2025 WL 222571 (U.S. Jan. 17, 2025) ......................................... 2

*United States v. Forrester*,
512 F.3d 500 (9th Cir. 2008) .......................................................................... 3

*Winsor v. Sequoia Benefits & Ins. Servs., LLC*,
62 F.4th 517 (9th Cir. 2023) ........................................................................... 3

**Statutes**

Cal. Penal Code § 20 .......................................................................................... 8

Cal. Penal Code § 632.7 ...................................................................................... 3

Cal. Penal Code § 638.51 ............................................................................ *passim*

Cal. Penal Code § 638.52 ................................................................................. 1, 5

Cal. Penal Code § 638.52 ...................................................................................... 5

Cal. Penal Code § 638.53 ...................................................................................... 5

**Rules**

Rule 8 ............................................................................................................ 1, 5

Rule 9(b) .............................................................................................................. 9



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# I. <u>INTRODUCTION</u>

Plaintiff's Opposition to Talkspace's Motion to Dismiss ("Opposition" or "Opp.") provides no valid basis for her claims to proceed. Talkspace's Motion should be granted, and the FAC should be dismissed for several reasons.

*First*, Plaintiff does not allege facts to show that she has suffered an injury sufficient to establish Article III standing. In fact, the FAC only alleges that Plaintiff visited the website and ***does not allege that any of her personal information was collected by the TikTok Cookie***. Plaintiff's generalized allegations fail to establish standing.

*Second*, the FAC fails to comply with Rule 8 because the vague allegations do not even attempt to identify when the illegal conduct allegedly occurred. Given that Talkspace has set forth a valid statute of limitations issue, Plaintiff's conclusory (non-factual) allegations are insufficient to show that Plaintiff is "entitled to relief" as required by Rule 8.

*Third*, Plaintiff's broad definition of a "trap and trace" device lacks support in the statute's plain language. The Opposition itself (and the case law it cites in support) fails to substantively address the "court order" requirement in Section 638.51 and the numerous references to "telephones" in Section 638.52. Because Section 638.51 limits the use of trap and trace devices without a court order, and it would be impossible to obtain a court order for a trap and trace device *without* identifying the telephone number or telephone line at issue—the only devices covered under the statute are those that can be used or connected to a telephone. In short, as confirmed by CIPA's plain language and legislative history, Section 638.51 does not apply to non-telephonic website technology like the TikTok Cookie.

*Fourth*, Plaintiff incorrectly challenges the criminal intent requirement which contradicts well settled legal principles regarding criminal statutes and the scienter requirement. Without explicit language in the statute eliminating the *mens rea* obligation, Plaintiff must allege that Talkspace intended to install an illegal trap and

trace device, which she fails to do, rendering her claim legally insufficient.

Lastly, to the extent the FAC is not dismissed in its entirety, the Court should strike the improper, irrelevant, and immaterial allegations that are factually baseless and otherwise have no bearing on Plaintiff's CIPA trap and trace claim.

## II. **PLAINTIFF LACKS ARTICLE III STANDING**

Plaintiff's Opposition entirely sidesteps Talkspace's main standing argument and otherwise confirms that the FAC does not contain sufficient factual allegations to establish Plaintiff's Article III standing. As clearly outlined in its initial Motion, Plaintiff lacks Article III standing because the FAC is bereft of factual allegations pertaining to ***Plaintiff's own visit to the Talkspace website***, let alone facts demonstrating that Plaintiff was harmed during that visit. Rather than address her glaring pleading deficiencies, Plaintiff advances irrelevant arguments pertaining to an unrelated federal law involving TikTok.[1] *See* Opp. at 6:6-7:10. Plaintiff's Opposition does not change what was pled in the FAC—generic allegations that have no connection to Plaintiff's *own* experiences. *See id.* (citing FAC, ¶¶ 9-12; 15, 21, 23, 29). And most significantly, the FAC does not contain any allegations establishing that Plaintiff's own personal information was captured during her visit. *Id.*

The only "factual" allegation in the entire FAC specific to Plaintiff is that she "visited [Talkspace's] website after the TikTok software was installed." FAC, ¶ 8. Based on this lone allegation about her *single* visit to the Talkspace website (which

---

[1] Plaintiff's argument and discussion about questions asked in the oral argument in an unrelated case is an improper extrapolation (at best), and entirely misleading (at worst). *See* Opp. at 6:6-20; *see also TikTok Inc. v. Garland*, No. 24-656, 2025 WL 222571, at *1 (U.S. Jan. 17, 2025). Indeed, the Supreme Court in *Garland* was addressing whether a federal law requiring divesture of TikTok violated the First Amendment. *Garland*, 2025 WL 222571, at *1. Moreover, both the law and the Supreme Court opinion focused on concerns over TikTok ***user*** data—not third-party data allegedly collected from the TikTok Cookie. *See id.* Plaintiff has not alleged that she is a TikTok user, and thus any citation to this federal law and subsequent litigation is an attempt at fear mongering and blurring of the issues.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

very likely was made at the direction of her counsel), the only plausible inference that can be made is that (at most) Plaintiff's IP address was provided and collected by Talkspace—a voluntary exchange that is necessary to operate the website and does not constitute an invasion of a visitor's privacy. *See United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008) ("Internet users have no expectation of privacy in the … IP addresses of the websites they visit."). Notably, the Opposition does not dispute that the collection of IP addresses would be insufficient to establish an injury. *See* Opp. at 21:4-14.

The FAC's remaining non-specific allegations describing what the TikTok Cookie *may be* capable of collecting cannot be used to establish that Plaintiff suffered an Article III injury in fact. *Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 523 (9th Cir. 2023) (holding that plaintiffs "must allege and show that they personally have been injured."); *Hughes v. Vivint, Inc.*, 2024 WL 5179916, at *4 (C.D. Cal. July 12, 2024), *adopted*, 2024 WL 5179917 (C.D. Cal. Aug. 5, 2024) (Wu, J.). Because the *Vivint* decision involved substantially similar § 632.7 allegations, brought by this same Plaintiff's counsel, it is particularly instructive. The *Vivint* court held that plaintiff did not sufficiently establish Article III standing, rejecting the very argument Plaintiff makes here—general allegations about what the TikTok Cookie may be able to do, does not confer standing. *See id.* (These allegations do "not sufficiently explain what information of Plaintiff's was captured, ***only what information could be captured***.").

Similarly, the allegations in the FAC related to the TikTok Cookie have no connection to Plaintiff. The Opposition fails to identify any allegations in the FAC (because she cannot) that establish that she provided *any information* to Talkspace—i.e., name, date of birth, or address—such that it could possibly have been collected by TikTok, nor does she allege that she was referred to the Talkspace website from another URL, such that the TikTok Cookie would have captured "referral tracking" or "url tracking" information. *See generally*, FAC; *Vivint*, 2024 WL 5179916, at *4

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

("Plaintiff never alleges in her Complaint that she entered her email address or phone number into any fields on the Website so that the Advanced Matching feature of the TikTok Software could capture her personalized information."). Just like in *Vivint*, Plaintiff does not have Article III standing, and the FAC should be dismissed with prejudice.

## III. PLAINTIFF'S ALLEGATIONS FAIL TO SATISFY RULE 8

Notably, Plaintiff does not dispute (nor can she) that the FAC does not identify the date (either specifically or generally) when she visited Talkspace's website, nor does she dispute that this information is solely within her knowledge. *See* Opp. at 9:13-13:7. Instead, Plaintiff argues that "it simply does not matter" when Plaintiff visited Talkspace's website "because the only fact you need to know about the timing of Plaintiff's visit … is that Plaintiff visited after the TikTok software was installed." *Id.* at 10:2-9. Plaintiff is wrong—the date of her visit undoubtedly affects the plausibility of her CIPA claim against Talkspace. For example, if Plaintiff visited Talkspace's website in 2020—more than four years before filing her complaint—she cannot plausibly allege a violation of CIPA given its short one-year statute of limitations period. *See Mireskandari v. Daily Mail & Gen. Tr. PLC*, 2013 WL 12114762, at *15 (C.D. Cal. Oct. 8, 2013) (Morrow, J.) ("Plaintiff's … claim for violation of the CIPA, is governed by a one-year statute of limitations.") (citing Cal. Civ. Proc. Code § 340). Moreover, Plaintiff's incorrect assertion (presented with no legal authority to support it) that CIPA claims have a "two year" statute of limitations (*see* Opp. at 10:12-16) only emphasizes that additional underlying facts are necessary "to give fair notice" and to enable Talkspace to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Plaintiff's attempt to distinguish the case law cited in the Motion fails. *See* Opp. at 11:7-13:7. For example, Plaintiff acknowledges that the *Brodsky* court dismissed certain plaintiffs who failed to "allege when two-factor authentication was enabled on their devices" sufficient to demonstrate that their claims were brought





BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

within the three-year statute of limitations. Opp. at 11:14-12:3 (citing *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 10, 135 (N.D. Cal. 2020)). That is precisely what Talkspace is arguing here—Plaintiff (just like several of the *Brodsky* plaintiffs) failed to allege *any facts* demonstrating when the actionable misconduct occurred.

Ultimately, Plaintiff's reliance on a single allegation that she visited Talkspace's website "within the limitations period" to skirt the statute of limitations issue at the pleading stage should be rejected. FAC at ¶ 8. Not only is this a conclusory (non-factual) allegation that can and should be rejected at this stage, but it also fails to show that Plaintiff is "entitled to relief" as required by Rule 8. Further, Plaintiff seems to argue that she is not required to plead sufficient facts (i.e., the date of the visit) simply because it may be used to support Talkspace's statute of limitations affirmative defense. *See* Opp. at 9:12-13:7. This argument not only contradicts the core legal principles of justice and fair play but is inconsistent with federal pleading standards, which requires Plaintiff to provide more than mere "labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, Plaintiff must present "sufficient factual matter" demonstrating that the Talkspace is "liable for the misconduct alleged." *Id.*

Just like in *Brodsky*, Plaintiff's FAC violates Rule 8, and should be dismissed.

## IV. THE TIKTOK COOKIE IS NOT A "TRAP AND TRACE" DEVICE

The Opposition confirms that Plaintiff's flawed interpretation entirely ignores the second part of Section 638.51: "A person may not install or use a pen register or a trap and trace device ***without first obtaining a court order pursuant to Section 638.52 or 638.53***." (emph. added). Indeed, Plaintiff fails to meaningfully address the "court order" requirement or the cross-referenced provisions (Sections 638.52 and 638.53) which outline the procedures law enforcement ***must complete*** before they can use a trap and trace device. *See generally*, Opp. at 13:8-17:20. Further, Plaintiff ignores the numerous references to telephones or telephone numbers in Sections 638.52, which makes it impossible to obtain a court order for a trap and trace



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

device—the only way to use such a device lawfully—without identifying the *telephone* number or *telephone line* at issue.

Yet, Plaintiff nevertheless argues that Section 638.51 *still* applies to website technology, like the TikTok Cookie, simply because CIPA broadly defines "trap and trace device," and "electronic communications," and CIPA (as a whole) does not explicitly limit its application to telephonic surveillance. Opp. at 13:10-15:14. Plaintiff misses the point. Whether website technology fits within CIPA's broad and vague definition of a "trap and trace device" does not end the analysis. Section 638.51 does not just make it *per se* unlawful to "install or use" a trap and trace device, it contains a purposeful modifier—it makes the use of such device unlawful "without first obtaining a court order pursuant to [Sections 638.52-53]." In other words, the Legislature explicitly ***limited*** the types of trap and trace devices prohibited ***under Section 638.51*** to those that could be installed or used by court order—i.e., those that can be installed or used on a telephone line. *See* Cal. Penal Code § 638.51 (making it illegal to "install or use a pen register or a trap and trace device without first obtaining a court order pursuant to Section 638.52 or 638.53.") (emph. added). Plaintiff fails to explain why the Legislature would prohibit the use or installation of a trap and trace device on non-telephone technology, while simultaneously preventing the issuance of a court order for that device by requiring specific telephone information. This interpretation is nonsensical, would effectively make compliance with the statute impossible, and would render half of the Legislature's purposeful language entirely superfluous.

Furthermore, the cases cited by Plaintiff suffer from this same flawed reasoning. *See* Opp. at 15-17 (citing *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1050 (S.D. Cal. 2023); *Moody v. C2 Educ. Sys. Inc.*, 2024 WL 3561367, at *2 (C.D. Cal. July 25, 2024; *Shah v. Fandom, Inc.*, 2024 WL 4539577, at *3 (N.D. Cal. Oct. 21, 2024)). For example, in each of these cases, the courts relied upon CIPA's "expansive" definitions of "trap and trace device" and "electronic communication"

in holding that website technology *could* apply to Section 638.51. *See e.g.*, *Moody*, 2024 WL 3561367, at *2 ("Defendant fails to explain why the definitions under § 638.50 should be so limited given their references to 'wire or electronic communication.'"); *Greenley*, 684 F. Supp. 3d at 1050 ("The Court cannot ignore the expansive language in the California Legislature's chosen definition."). However, in both *Greenley* and *Moody*, the courts did not fully analyze or even examine the impact of the "court order" requirement and the cross-referenced provisions within Section 638.51 itself. *See generally, id*. Even more concerning, none of these courts conducted a review of Section 638.51's legislative history to verify whether their interpretations aligned with the legislative intent. *See id*. As outlined below, this analysis likely would have led the courts to a different result given the Legislature's clear intent to limit the application of Section 638.51 to telephone surveillance. For these reasons, the Court should disregard these district court decisions as both non-binding and unpersuasive.[2]

Without addressing its substance, Plaintiff argues that the Court should simply ignore CIPA's legislative history because the statutory language as a whole is unambiguous. Opp. at 16:12-17:4. As discussed above, Talkspace agrees that the plain language of Section 638.51—the actual criminal statute at issue—is unambiguous and plainly limits its application to devices that can be attached to

[2] The California state court cases cited by Plaintiff are equally unpersuasive for the same reasons—they blindly follow *Greenly* with no substantial analysis of the actual language in the statute or the legislative history. *See* Opp. at 17:5-15. Moreover, Plaintiff conveniently ignores the fast-growing number of California courts that have conclusively, and persuasively, rejected Plaintiff's expansive theory that website operators can be liable for using "trap and trace" devices on their own websites simply by utilizing analytics tools and advertising pixels. *See e.g., Casillas v. Transitions Optical, Inc. I* (Super. Ct. L.A. Cty., April 23, 2024 Minute Order, No. 23STCV30742); *Casillas v. Traveler's Choice* (Super. Ct. L.A. Cty., May 29, 2024 Minute Order, No. 24STCV01337); *Licea v. Hickory Farms LLC* (Super. Ct. L.A. Cty., March 13, 2024 Minute Order, No. 23STCV26148); *Levings v. Open Text Corporation* (Super. Ct. L.A. Cty., September 3, 2024 Minute Order, No. 24STCV05440); *Casillas v. Transitions Optical, Inc. II* (Super. Ct. L.A. Cty., September 9, 2024 Minute Order, No. 23STCV30742).



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

telephones. To the extent the Court agrees, it can dismiss Plaintiff's FAC without any analysis of the legislative history.

Should the Court find ambiguity, or otherwise seek to confirm its interpretation of what the plain language indicates, the Court may review the statute's legislative history for additional clarity and guidance. *See McCarther v. Pac. Telesis Grp.*, 48 Cal. 4th 104, 116 (2010) ("Although the plain language of the statute is clear, an examination of [the statute's] legislative history confirms that the statute was not intended to broadly apply [.]"); *Goodman v. Lozano*, 47 Cal. 4th 1327, 1335 (2010), *as modified* (Mar. 30, 2010) (although statutory language was "plain" it was "helpful to look at [the statute's] legislative history"). Moreover, a review of the legislative history is particularly warranted given Plaintiff's attempt to expand the definition of a "trap and trace" device in a manner that far exceeds how it has been used in the past. Ultimately, as detailed in Talkspace's Motion, which ***Plaintiff did not address in her Opposition***, the legislative history clearly demonstrates that the Legislature never intended Section 638.51 to apply to website technologies like the TikTok cookie.[3] *See* Motion at 12:13-14:10.

## V. PLAINTIFF FAILS TO ALLEGE THE REQUIRED SCIENTER

In arguing against a criminal intent requirement, Plaintiff's Opposition plainly ignores California's general *mens rea* statute, which holds that "in every crime or public offense, there must exist a union, or joint operation of act and intent, or criminal negligence." Cal. Penal Code § 20; *see also In re Jennings*, 34 Cal. 4th 254, 267 (2004) (Generally, "[t]he existence of a *mens rea* is the rule of, rather than the exception[.]"). In other words, a penal code violation (such as Section 638.51)

[3] Plaintiff only briefly addresses Talkspace's argument regarding the CIPA electronic service provider exception, and clearly misconstrues Talkspace's argument. *See* Opp. at 21:15-22:4. Talkspace does not contend that *it* is an electronic service provider, rather Talkspace is the ***user*** and TikTok is the provider. *See* Mot. at 16:25-17:25. Plaintiff does not address this point, nor does she address the case cited in Motion.



BAKER & HOSTETLER LLP ATTORNEYS AT LAW LOS ANGELES

"requires proof of ***some mental state*** where the statute does not evidence the Legislature's intent to impose strict liability." *Id.* (emph. added). Plaintiff does not identify any explicit language in Section 638.51 (nor can she) that dispenses with the built-in criminal intent requirement.

Plaintiff further argues, that even if there is a scienter requirement, Rule 9(b) permits Plaintiff to plead intent generally. *See* Opp. at 22:13-15. Even if true, Plaintiff fails to identify *any* allegations in the FAC (specific or general) that demonstrate Talkspace's criminal intent to install an illegal trap and trace device. *See* Opp. at 22:5-23:5. Without these factual allegations demonstrating the necessary criminal intent, Plaintiff's purported criminal violation fails, and must be dismissed with prejudice.

## VI. PLAINTIFF'S IRRELEVANT ALLEGATIONS MUST BE STRICKEN

As outlined in its Motion (and above), Plaintiff's irrelevant and scandalous allegations, particularly as they relate to minor health information, have no basis in fact. Talkspace categorically does not share name, date of birth, address, or minors' medical information with TikTok. Without providing any factual basis for these allegations, Plaintiff argues that she is entitled to "reasonable inferences" based on Talkspace's "website and marketing even if Defendant dislikes them." Opp. at 23:8-12. However, Plaintiff is not entitled to an "inference" that unsupported allegations are true based on *external factors* not alleged in the FAC. *See Fischman on behalf of Sempra Energy v. Reed*, 2017 WL 1166349, at *13 (S.D. Cal. Mar. 29, 2017) (plaintiff not entitled to inference where the complaint does not allege particularized facts that would support it).

In addition, the allegations related to minor's medical information and prescription medication are immaterial and irrelevant to Plaintiff's lone CIPA cause of action. Indeed, Plaintiff's claim is premised solely on Talkspace's alleged use of an illegal trap and trace device on its website, which Plaintiff has argued effects every

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

website visitor ***equally***.[4] *See* Opp. at 5:15-17 (The TikTok Cookie begins gathering information "from the very first moment that Plaintiff or anyone else arrives on the Website."). Thus, allegations pertaining specifically to minor's health information has no bearing on the subject matter of the litigation" and were only included to cause undue harm to Talkspace and confuse the issues. *See* FAC ¶ 15-17; *see e.g.*, *Monster Energy Co. v. Vital Pharms., Inc.*, 2019 WL 2619666, at *17 (C.D. Cal. May 20, 2019) (Bernal, J.) (citing *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).

Accordingly, to the extent the FAC is not dismissed in its entirety, the irrelevant, immaterial, and defamatory paragraphs identified in Talkspace's Motion (¶¶ 15-17) should be stricken from the FAC.

## VII. CONCLUSION

For all of the foregoing reasons, Talkspace respectfully requests that the Court dismiss Plaintiff's FAC in its entirety with prejudice.

Dated: February 3, 2025 **BAKER & HOSTETLER LLP**

By: *<u>/s/ Kamran B. Ahmadian</u>*
Bethany G. Lukitsch
Kamran B. Ahmadian

*Attorneys for Defendant*
TALKSPACE, INC.

[4] Plaintiff's argument that these allegations somehow "evidence" Talkspace's "potential motives" and "criminal mental state" is nonsensical. *See* Opp at 23:13-21. These allegations (which again are baseless) provide no context for Talkspace's motive or intent as it pertains to its use of the TikTok Cookie, and they certainly do not establish that Talkspace had any intent to use an illegal trap and trace device in violation of § 638.51.

<u>**L.R. 11-6.2. Certificate of Compliance**</u>

The undersigned, counsel of record for Defendant Talkspace, Inc., hereby certifies that this brief contains 3,351 words, which complies with the word limit of L.R. 11-6.1.

*<u>/s/Kamran B. Ahmadian</u>*
Kamran B. Ahmadian

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES