**BAKER & HOSTETLER LLP**
Bethany G. Lukitsch (SBN 314376)
Kamran B. Ahmadian (SBN 314566)
1900 Avenue of the Stars | Suite 2700
Los Angeles, CA 90067-4508
Telephone: 310.820.8800
Facsimile: 310.820.8859
*blukitsch@bakerlaw.com*
*kahmadian@bakerlaw.com*

*Attorneys for Defendant*
TALKSPACE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY MITCHENER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TALKSPACE NETWORK LLC, a New York Limited Liability Company; and DOES 1 through 25, inclusive,<br><br>Defendant. | Case No.: 2:24-cv-07067-JAK-BFM<br><br>*[Hon. John A. Kronstadt]*<br><br>**DEFENDANT TALKSPACE, INC.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**<br><br>*[Filed concurrently with Declaration of Kamran B. Ahmadian; and Declaration of Jim Vint]*<br><br>Hearing Date: April 21, 2025<br>Hearing Time: 8:30 a.m.<br>Dept: 10C<br><br>Case Filed: August 20, 2024 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
CLEVELAND

**TO THE HON. JOHN A. KRONSTADT AND TO PLAINTIFF AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on April 21, 2025 at 8:30 a.m., in Courtroom 10C of the above entitled court, Defendant Talkspace, Inc. (incorrectly named in the First Amended Complaint as Talkspace Network LLC) ("Defendant" or "Talkspace") will and does move for sanctions against Plaintiff Courtney Mitchener ("Plaintiff") and her attorneys of record, Tauler Smith, LLP ("Plaintiff's Counsel"), pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") ("Motion"). This Motion is made on the ground that Plaintiff's First Amended Complaint ("FAC") includes allegations that have no basis in fact and were made without a reasonable and competent inquiry.

Talkspace seeks an order (1) dismissing Plaintiff's FAC with prejudice or striking the frivolous allegations, and (2) directing Plaintiff's Counsel to reimburse Talkspace for its attorneys' fees and costs incurred in this action as well as bringing this Motion. This Motion is based on this Notice of Motion and Motion, the attached memorandum of points and authorities, the attached declarations of Kamran B. Ahmadian and James Vint and their exhibits, the complete files and records in this action, and any oral or documentary evidence and argument presented at the hearing.

This Motion is made after Talkspace met and conferred with Plaintiffs' Counsel numerous times orally and in writing. *See* Local Rule 7-3. This motion is also being filed after the expiration of Rule 11's 21-day "safe harbor" provision, during which Plaintiff declined to dismiss or amend the FAC. *See* Fed. R. Civ. P. 11(c)(2).

Dated: March 7, 2025         **BAKER & HOSTETLER LLP**

By: */s/ Bethany G. Lukitsch*
　　Bethany G. Lukitsch
　　Kamran B. Ahmadian

*Attorneys for Defendant*
TALKSPACE, INC.

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................1

II. BACKGROUND .....................................................................................................2

III. LEGAL STANDARD ..............................................................................................4

IV. ARGUMENT ...........................................................................................................5

    A. The FAC Contains Objectively Baseless Allegations. ........................5

    B. Plaintiff's Counsel Conducted No "Reasonable Inquiry" ...................6

    C. Monetary and Nonmonetary Damages are Warranted. .......................8

    D. Talkspace Served This Motion More than 21 Days Before Filing.......9

V. CONCLUSION ........................................................................................................9

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
CLEVELAND

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barber v. Miller*,
  146 F.3d 707 (9th Cir.1998) ............................................................................... 9

*Burnette v. Godshall*,
  828 F. Supp. 1439 (N.D. Cal. 1993) ................................................................... 8

*Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*,
  498 U.S. 533 (1991) ............................................................................................ 5

*Christian v. Mattel, Inc.*,
  286 F.3d 1118 (9th Cir. 2002) ........................................................................ 5, 6

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384 (1990) ............................................................................................ 5

*G.C. & K.B. Invs., Inc. v. Wilson*,
  326 F.3d 1096 (9th Cir. 2003) ............................................................................ 6

*Gallego v. Hunts & Henriques, CLP*,
  2020 WL 5576134 (N.D. Cal. Sept. 17, 2020) ................................................... 7

*Gaskell v. Weir*,
  10 F.3d 626 (9th Cir. 1993) ................................................................................ 8

*Gutierrez v. Converse Inc.*,
  2024 WL 3511648 (C.D. Cal. July 12, 2024) (Kato, J.) ..................................... 7

*Havensight Cap. LLC v. Nike, Inc.*,
  891 F.3d 1167 (9th Cir. 2018) ............................................................................ 8

*Holgate v. Baldwin*,
  425 F.3d 671 (9th Cir.2005) ........................................................................... 6, 9

*Ivanova v. Columbia Pictures Industries, Inc.*,
  217 F.R.D. 501 (C.D. Cal. 2003) (Tevrizian, J.) ................................................ 9

*Lampkin v. Cnty of Sacramento*,
  2022 WL 3327469 (E.D. Cal. Aug. 11, 2022) .................................................... 7

*Lawrence v. Richman Grp. of CT LLC*,
  620 F.3d 153 (2d Cir. 2010) ................................................................................ 9

*Lloyd v. Schlag*,
  884 F.2d 409 (9th Cir. 1989) ............................................................................... 5

*Moser v. Bret Harte Union High School Dist.*,
  366 F. Supp. 2d 944 (E.D. Cal. 2005) ................................................................ 6

*Rocawear Licensing LLC v. Pacesetter Apparel Grp.*,
  2007 WL 5289738 (C.D. Cal. Oct. 1, 2007) (Carney, J.) ................................... 6

*Townsend v. Holman Consulting Corp.*,
  929 F.2d 1358 (9th Cir. 1990) ......................................................................... 7, 8

*Truesdell v. S. Cal. Permanente Medical Group*,
  293 F.3d 1146 (9th Cir. 2002) ......................................................................... 6, 8

**Rules**

Fed. R. Civ. P. 11 *et seq.* ............................................................................... *passim*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
CLEVELAND

## I.     INTRODUCTION

This lawsuit is one of well **over a hundred** of near-identical complaints filed by Tauler Smith, LLP ("Plaintiff's Counsel") premised on a grossly expanded definition of a "trap and trace" device under the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 638.51.  Simply put, Plaintiff alleges that Defendant Talkspace, Inc.'s (misidentified in the complaint as Talkspace Network LLC) ("Talkspace") use of a certain advertising technology, the TikTok web beacon ("TikTok Cookie"), on its public-facing website, www.talkspace.com (the "Website") constitutes an illegal trap and trace device.  *See generally*, First Amended Complaint ("FAC").  Not only does Plaintiff's novel application of CIPA fail as a matter of law, (*see* Talkspace's Motion to Dismiss, Dkt. No. 18) but the FAC is riddled with baseless, factually unsupported allegations.  Specifically, the FAC alleges (without any factual support) that when a visitor enters their "name, date of birth, and address" into the Website that identifying information is "sent simultaneously to TikTok." FAC, ¶ 13.  Worse still, the FAC alleges (again without any support) that Talkspace sends "medical information related to minors" to TikTok.  *Id.*, ¶ 15.  As outlined below, these statements have been alleged in the FAC as "facts" despite being ***patently false***.  And, Plaintiff (who is not a minor) does not allege any facts about her alleged visit to the Website, let alone that she filled out the form depicted in Paragraph 12 to capture this information.

Plaintiff's Counsel *should have* recognized the lack of veracity in these allegations before filing the *initial* complaint.  A reasonable pre-suit investigation would have easily confirmed their inaccuracy.  Yet, Plaintiff's Counsel is undoubtedly aware of their falsity *now*.  Counsel for Talkspace explicitly informed Plaintiff's Counsel of the baselessness of these allegations on numerous occasions and even provided them with a declaration from a third-party expert and a draft of this Motion. Undeterred, Plaintiff's Counsel has doubled down by filing an amended complaint that continues to advance these same false allegations, choosing instead to publicly

and falsely impugn Talkspace's privacy practices. This reckless act has caused significant reputational harm to Talkspace, damaging both current and future business opportunities. Plaintiff Counsel's frivolous and irresponsible pleading warrants the imposition of Rule 11 sanctions.

## II. BACKGROUND

Talkspace is a leading online and mobile therapy company. Talkspace offers customers a more affordable and convenient alternative to in-person therapy sessions and has helped thousands of people across the country obtain mental health services. Talkspace maintains a public-facing website, www.talkspace.com, where users can explore and purchase customizable subscription plans and review articles and information regarding the company and its programs. Any therapy and appointment booking provided by Talkspace is administered through a separate portal not at issue in this case. Like many companies, Talkspace utilizes advertising technologies on its website, including the TikTok Cookie. However, ***Talkspace is deeply committed to privacy*** and exercises stringent controls over the information collected from users' browsers and interactions on its website, including what is shared with third parties. Talkspace has never permitted the TikTok Cookie to collect personal information, such as a visitor's name, date of birth, or address, from any page or form on its website. Additionally, Talkspace has never shared any medical information of minors with TikTok.

On August 20, 2024, Plaintiff filed an initial complaint against Talkspace. *See* Dkt. No. 1 ("Complaint" or "Compl."). Plaintiff's Complaint included at least two "factual" allegations that are patently false:

> 12. Additionally, when the website asks for information, such as name, date of birth, and address, ***the information is sent simultaneously to TikTok***, so that TikTok can isolate with certainty the individual to be targeted.
> …
> 15. As can be seen above, ***the information given to TikTok by Talkspace includes medical information related to minors***, which is particularly troubling given recent concerns that TikTok's data collection practices are a threat the United States.

Compl., ¶¶ 12, 15 (emph. added).

Despite a good faith belief that these allegations were false, Talkspace's undersigned counsel immediately engaged a third-party expert, Secretariat Advisors, LLC ("Secretariat"), to confirm the falsity of the allegations. *See* Declaration of Jim Vint ("Vint Decl."), ¶¶ 8-12. Using an industry-standard web traffic analysis software, Secretariat evaluated the TikTok Cookie on the Website, with a particular focus around the screenshots provided in the Complaint (and FAC) in paragraphs 12 through 15. *Id.*, ¶¶ 8-10. Secretariat's investigation **confirmed** that:

(1) the TikTok Cookie **does not** collect name, date of birth, or address from any webpage or form on the Website; and

(2) the TikTok Cookie **does not** collect *any* medical information, let alone medical information related to "minors".

*Id.*, ¶ 12. In sum, there is no factual basis for these allegations whatsoever.

These findings were communicated to Plaintiff's Counsel during several meet and confer calls. *See* Declaration of Kamran B. Ahmadian ("Ahmadian Decl."), ¶¶ 3-4, 7. At no time did Plaintiff's Counsel provide the factual basis for these allegations. *Id.* Instead, Plaintiff's Counsel spewed conspiracy theories about Talkspace and issued veiled threats, which can be best summarized by the following email received on October 30, 2024:

> Can't wait to see which "expert" you drudged up that says "TikTok Software does not identify users." I'll bet you twenty bucks your "expert" is a marketing goon from the company itself - TalkSpace - a company whose only mission is to prey on teenagers to onram[p (sic) them to the **BIG PHARMA ECONOMY** - a company that will do so even if it means sharing information about our vulnerable youth to our geopolitical enemies.
>
> You are not helping them in any way by escalating - this I can promise you.

*Id.*, ¶¶ 3, 5, Exh. A (October 30, 2024 email correspondence) (emph. in original).

Indeed, this correspondence shows Plaintiff's Counsel's true colors and motives—he wants to publicly attack Talkspace based on his preconceived (and

unsubstantiated) notions of Talkspace rather than verified facts and evidence. Given Plaintiff's Counsel's refusal to dismiss or amend the initial complaint, Talkspace filed a Motion to Dismiss on November 4, 2024. *See* Dkt. No. 12. The following day, on November 5, 2024, Talkspace served Plaintiff's Counsel with a Rule 11 Motion that was fundamentally identical to this Motion, and which included the very same declaration from Mr. Vint. *See* Ahmadian Decl., ¶ 6.

On November 25, 2024, rather than oppose the initial motion to dismiss, Plaintiff filed the operative FAC. *See* Dkt. No. 17. Although the wording is changed slightly from the initial complaint, the FAC contains the same false allegations regarding what information is sent from Talkspace's website to TikTok:

> 13. …When the website asks for information, such as name, date of birth, and address, as it does above, ***the information is sent simultaneously to TikTok***, so that TikTok can isolate with certainty the individual to be targeted.
> …
> 15. Worse yet, as can be seen below, TalkSpace encourages website visitors, including those seeking "Teen Therapy" to enter information that is simultaneously sent to TikTok. As such, ***TikTok obtains medical information related to minors through TalkSpace***.

FAC, ¶¶ 13, 15 (emph. added). On December 3, 2024, counsel for Talkspace held another meet-and-confer call with Plaintiff's Counsel to discuss the false allegations and other pleading deficiencies in the FAC. *See* Ahmadian Decl., ¶ 7. Yet again, no factual basis was provided for the false allegations, and Plaintiff's Counsel refused to amend or dismiss the FAC. *Id.*

### III. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 11 authorizes sanctions against parties who engage in frivolous litigation and assert baseless claims. Fed. R. Civ. P. 11. Rule 11 provides, in relevant part:

> (b) By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, ***formed after an inquiry reasonable under the circumstances***:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and

(3) the factual contentions *have evidentiary support* or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

The "central purpose of Rule 11 is to deter baseless filings" by imposing a duty on attorneys to certify that they have "conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact [and] legally tenable." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (partially superseded on other grounds by 1993 Rule 11 amendment). In short, "Rule 11 stresses the need for some prefiling inquiry into both the facts and the law[.]" *Lloyd v. Schlag*, 884 F.2d 409, 412 (9th Cir. 1989); *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 542 (1991) (The "heart of Rule 11" is the signer's certification that he "has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both[.]").

## IV.   ARGUMENT

### A.   The FAC Contains Objectively Baseless Allegations.

Filing a complaint in federal court "is no trifling undertaking." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). "An attorney's signature on a complaint is tantamount to a warranty that the complaint is well grounded in fact and 'existing law'..." *Id.* When a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine: (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian*, 286 F.3d at 1127. Subjective bad faith is not required; rather, the standard is objective reasonableness. *See, e.g., G.C. & K.B. Invs., Inc. v. Wilson*, 326

F.3d 1096, 1109 (9th Cir. 2003). Unreasonableness is viewed "from the perspective of a competent attorney admitted to practice before the district court." *Moser v. Bret Harte Union High School Dist.*, 366 F. Supp. 2d 944, 950 (E.D. Cal. 2005).

Here, the FAC filed against Talkspace contains numerous allegations that are objectively incomplete and were clearly made without any reasonable and competent inquiry. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir.2005). Indeed, the FAC alleges that when a visitor enters certain identifying information, "such as name, date of birth, and address" into Talkspace's website, the information is sent simultaneously to TikTok, so that TikTok can isolate with certainty the individual to be targeted." FAC, ¶ 13. **This is demonstrably false**. The TikTok Cookie **does not** collect "name, date of birth, [or] address" from any page or form on the Talkspace Website. *See* Vint Decl., ¶ 12. Even worse, the FAC alleges that Talkspace shares "medical information related to minors" with TikTok. FAC, ¶ 15. Again, this allegation **has no basis in fact**. *See* Vint Decl., ¶ 12.

By filing a complaint containing false allegations, Plaintiffs' Counsel has violated Rule 11. *See Truesdell v. S. Cal. Permanente Medical Group*, 293 F.3d 1146, 1153-54 (9th Cir. 2002) (upholding sanctions against counsel under Rule 11 where complaint stated allegations that counsel "must have known were false").

### B. Plaintiff's Counsel Conducted No "Reasonable Inquiry."

Before filing a complaint, plaintiff's attorneys are required to conduct a "reasonable and competent inquiry" into whether their claims and allegations are well grounded in fact. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). Allegations must be based on "credible information," not just "mere suspicions or suppositions." *Rocawear Licensing LLC v. Pacesetter Apparel Grp.*, 2007 WL 5289738, *2 (C.D. Cal. Oct. 1, 2007) (Carney, J.). Plaintiff's Counsel abjectly failed to conduct any such inquiry here.

*First*, as confirmed by Secretariat's review and findings, the allegations from the FAC described above are not grounded in fact and could not have been the product

of a reasonable and competent inquiry because they are plainly false. *See generally*, Vint Decl., ¶ 12. Plaintiff's Counsel has ready access to technical experts, having filed hundreds of lawsuits involving advertising technology, including at least one case that was decided on summary judgment after consideration of technical expert testimony. *See e.g.*, *Gutierrez v. Converse Inc.*, 2024 WL 3511648, at *8 (C.D. Cal. July 12, 2024) (Kato, J.).

*Second*, by continuing this litigation, and filing an amended complaint that contains the same false allegations, Plaintiff's Counsel is purposefully ignoring evidence provided to him by Talkspace that shows, with certainty, that the allegations are baseless. The Ninth Circuit has recognized that Rule 11 sanctions are appropriate where plaintiff's counsel "conducted absolutely no inquiry," even after learning of the lack of factual basis for the claims. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1366 (9th Cir. 1990); *see also, e.g.*, *Gallego v. Hunts & Henriques, CLP*, 2020 WL 5576134, *1–2 (N.D. Cal. Sept. 17, 2020) (granting Rule 11 sanctions where defendant informed plaintiff's counsel "before [he] filed the lawsuit" that it was uninvolved in the conduct alleged and plaintiff's counsel failed to make "any effort to discern the truth."); *Lampkin v. Cnty of Sacramento*, 2022 WL 3327469, *1–2 (E.D. Cal. Aug. 11, 2022) (granting sanctions where "Defendant warned Plaintiffs' counsel that the claims against it were misplaced"). Just as in *Townsend*, Plaintiff's Counsel was informed on several occasions, including days after filing the initial complaint, and after filing of the amended pleading, that the FAC contained allegations that are entirely false. *See* Ahmadian Decl., ¶¶ 3-5. Indeed, Plaintiff's Counsel had the declaration from Talkspace's a third-party expert several weeks before the FAC was filed. Plaintiff's Counsel decided to ignore the evidence provided by Talkspace and is proceeding with a FAC that contains demonstrably false allegations with no good faith basis to support them. *See* FAC, ¶¶ 12-15; *Townsend*, 929 F.2d at 1366. This is precisely the type of conduct that Rule 11 sanctions are meant to deter.

## C. Monetary and Nonmonetary Damages are Warranted.

Courts have broad discretion to impose sanctions for Rule 11 violations against any attorney or party when a pleading is factually misleading, legally frivolous, or presented to harass the opposing party. *See Havensight Cap. LLC v. Nike, Inc.*, 891 F.3d 1167, 1170 (9th Cir. 2018); *Truesdell v. S. California Permanente Med. Grp.*, 293 F.3d 1146, 1153 (9th Cir. 2002); Fed. R. Civ. P. 11(c). The Court can impose sanctions for misrepresentations or frivolous pleadings, even if the party to be sanctioned has asserted a non-frivolous claim. *Townsend*, 929 F.2d at 1362; *see also Burnette v. Godshall*, 828 F. Supp. 1439, 1447-48 (N.D. Cal. 1993) ("Sanctions shall be imposed whether the pleading or motion is frivolous in whole or in part."). To remedy and deter this type of behavior, the Court may enter **both** monetary and non-monetary sanctions. Fed. R. Civ. P. 11(c)(5).

At minimum, an award of fees and costs incurred by Talkspace in defending against the frivolous allegations is warranted under the circumstances. When "the original complaint is the improper pleading, all attorney fees reasonably incurred in defending against the claims asserted in the complaint form the proper basis for sanctions." *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993). Here, despite being given every opportunity to purge the offending allegations, Plaintiff's Counsel forced Talkspace to draft two motions to dismiss *and* serve this Rule 11 Motion. As a result, Talkspace has been forced to incur significant legal fees, as well as expert costs, in preparing and filing this Motion to defend against these frivolous assertions. To right this wrong, the Court may (and should) award Talkspace all reasonable fees and expenses incurred in defending against the baseless allegations to date. *See id.* at 629.

Rule 11 also provides for the imposition of non-monetary sanctions, including striking frivolous allegations. Fed. R. Civ. P. 11(c)(2). The striking of frivolous allegations and references in a complaint which are contrary to fact is a permissible non-monetary sanction, including where a monetary sanction is also assessed against plaintiff's counsel. *See Ivanova v. Columbia Pictures Industries, Inc.*, 217 F.R.D.

501, 512-514 (C.D. Cal. 2003) (Tevrizian, J.) (imposing such sanctions on plaintiff and plaintiff's counsel).

Because the allegations are patently false, Talkspace respectfully requests that the Court dismiss the FAC entirely with prejudice, or strike the frivolous allegations from the FAC, in addition to ordering monetary sanctions.

### D. Talkspace Served This Motion More than 21 Days Before Filing.

A Rule 11 motion for sanctions must be served on the offending party at least 21 days before the motion is filed with the court. Fed. R. Civ. P. 11(c)(2). The motion may not be filed if the offending party timely "withdraw[s] or appropriately correct[s]" the challenged contention during the safe harbor period. *Id.*; *see also Holgate*, 425 F.3d at 678 (holding that we "enforce [Rule 11's] safe harbor provision strictly"). The purpose of the safe harbor provision is to give the offending party an opportunity to correct or withdraw its problematic pleading, and "*thereby escape sanctions.*" *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir.1998) (emph. in original).

Pursuant to Rule 11's safe harbor provision, Talkspace served Plaintiff's Counsel with a copy of this Motion on February 3, 2025.[1] *See* Ahmadian Decl., ¶ 8. Plaintiff's Counsel did not utilize this twenty-one (21) day safe harbor period to dismiss the lawsuit or amend the FAC to remove the frivolous allegations. *Id.*

## V. CONCLUSION

For the forgoing reasons, the Court should dismiss the FAC with prejudice and/or strike the frivolous allegations, and award Talkspace reasonable attorney's fees attributable to this Motion, a portion of the fees attributable to the Motion to Dismiss,

---

[1] Ninth Circuit case law is somewhat unclear as to whether the Rule 11(c)(2) safe harbor requirements reset for an amended complaint if the false allegations remain the same. However, the Second Circuit has held that "the filing of an amended complaint likely resets the clock for compliance with the safe harbor requirements of Rule 11(c)(2)," even if the false allegations are substantially similar. *See Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 158 (2d Cir. 2010) (Although the 21-day safe harbor period may be satisfied for the initial complaint, it does not fulfill the requirement for a subsequently filed amended complaint). To be safe, Talkspace re-served this Motion and provided Plaintiff's Counsel with *another* 21-day safe harbor period.

and all other reasonable attorney's fees incurred thus far in defending against this action as a sanction under Rule 11 for the assertion of frivolous allegations.

Dated: March 7 , 2025       **BAKER & HOSTETLER LLP**

By:  */s/ Kamran B. Ahmadian*
     Bethany G. Lukitsch
     Kamran B. Ahmadian

*Attorneys for Defendant*
TALKSPACE, INC.

## L.R. 11-6.2. Certificate of Compliance

The undersigned, counsel of record for Defendant Talkspace, Inc., hereby certifies that this brief contains 3,081 words, which complies with the word limit of L.R. 11-6.1.

*/s/Kamran B. Ahmadian*
Kamran B. Ahmadian